IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| OMAR R. DE LAO OLIVEROS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation (filing 23) and the objections to the Report and Recommendation (filing 27), filed as allowed by 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.3.

I have conducted, pursuant to 28 U.S.C. § 636(b)(1) and NECrimR 57.3, a de novo review of the portions of the Report and Recommendation to which objections have been made. Inasmuch as Judge Piester has fully, carefully, and correctly applied the law to the facts, I conclude that the Report and Recommendation (filing 23) should be adopted, Defendant's objections to the Report and Recommendation (filing 27) should be denied, and Defendant's motion to suppress (filing 13) should be denied.

Defendant was stopped for speeding on the interstate. The state trooper who stopped him (Bigsby) became suspicious that Defendant's vehicle was carrying drugs, based on observations of the vehicle and Defendant's implausible explanation for traveling. (Filing 23, Report and Recommendation, at 2-3). Defendant gave written and oral permission to search his vehicle. (Filing 23 at 3.) When looking into the glove box of the vehicle, Bigsby saw that a metal box had been placed behind the dash with what appeared to be "after market" welding, and that there were grind marks on the metal. (Filing 23 at 3; D's. Ex. 101, photograph; Filing 25, Tr. 46-47

(Bigsby testimony regarding Ex. 101)).  A drug detection dog was brought to the scene and did not indicate the presence of drugs in the car.  (Filing 23 at 4.)  An additional trooper arrived at the scene and asked Defendant if he had recently had work done on his car.  Defendant answered "I don't know cause . . . ." but his voice trailed off and he did not complete his answer.  (Filing 23 at 4.)  At the scene of the stop, Bigsby used a pry bar and probably a power screwdriver to discover what was behind the dash.  (Filing 25, Tr. 41; Ex. 109, videotape of stop, at 14:22-14:24.)

Defendant's objections to the Report and Recommendation are largely without merit, for reasons explained in the Report and Recommendation.  I address two of them in more detail.

Defendant asserts that Trooper Bigsby exceeded the scope of the search by using a power screwdriver to disassemble the dash and that Trooper Bigsby could not have seen cellophane-wrapped packages behind the dash as early in the search as Bigsby claimed to have seen them.  These arguments ignore the import of United States v. Alvarez, 235 F.3d 1086, 1088-89 (8th Cir. 2000) (police officer's observations of defendant's automobile during consensual search gave them probable cause to believe there was contraband in spare tire, thus expanding scope of search under automobile exception to warrant requirement and permitting officers to cut into spare tire).  Here, as in Alvarez, the law enforcement officers' observations during the stop and defendant's implausible and incomplete answers to questions gave them probable cause to believe there was contraband in the Defendant's automobile.  The scope of the search expanded when Trooper Bigsby saw aftermarket welding and grind marks from inside the glove box–whether or not Trooper Bigsby could see packages behind the dash before using a power screwdriver to disassemble the dash. United States v. Casares-Cardenas, 14 F.3d 1283, 1286 (8th Cir. 1994) ("warrantless search of an automobile, predicated on consent, may be expanded beyond the scope of the consent when it yields a basis for a reasonable articulable suspicion that

additional contraband may be found in parts of the car not included in the consent").

Defendant also asserts that Judge Piester erroneously concluded that the search was valid because it was incident to an arrest based on probable cause of criminal activity. (Filing 28 at 6.) This is a misreading of the report and recommendation. Judge Piester correctly found that the search was valid because Trooper Bigsby's discovery of the after-market addition of the metal box adjacent to the glove box "established probable cause to search all areas in the vehicle in which might be secreted illegal drugs." (Filing 23 at 8.) He also found, alternatively, that Trooper Bigsby "was objectively reasonable in concluding probable cause existed to believe that evidence of criminal activity would be found in the area searched." (Filing 23 at 8.) This alternative finding is correct under Alvarez and Casares-Cardenas.

IT IS ORDERED:

1. The Magistrate Judge's Recommendation (filing 23) is adopted;

2. Defendant's objections to the Recommendation (filing 27) are denied; and

3. Defendant's motion to suppress (filing 13) is denied.

July 19, 2005                    BY THE COURT:

                                 *s/Richard G. Kopf*
                                 United States District Judge