IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAR R. DE LAO OLIVEROS, | ) | |
| | ) | |
| Defendant. | ) | |

    Omar R. De Lao Oliveros has submitted a motion under 29 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). (Filing 65.) Subjecting the motion to initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I will dismiss the motion with prejudice. Although the defendant claims his lawyer was ineffective, the record conclusively establishes that his lawyer acted professionally and did not harm him.

I.

    The defendant pled guilty to possession with intent to distribute 500 grams or more of a methamphetamine mixture and 500 grams or more of a cocaine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). (Filings 35, 46.) I sentenced him at the low end of the guidelines range to 135 months in prison, followed by five years of supervised release. (Filing 46.)

    The defendant's appointed counsel filed a motion to suppress evidence derived from searches of his motor vehicle following a traffic stop for speeding. (Filing 13.) The motion was fully briefed by defendant's counsel and an evidentiary hearing was held before Magistrate Judge Piester. (Filings 14, 17.) Following the hearing, the

defendant's counsel supplemented the record of the evidentiary hearing. (Filing 22.) Judge Piester recommended denial of the motion to suppress. (Filing 23.) The defendant's counsel filed and fully briefed an objection to the report and recommendation. (Filings 27, 28.) I denied those objections and denied the motion to suppress. (Filing 29.)

Later, the defendant tendered a guilty plea. At the change of plea hearing before Judge Piester, the defendant admitted he was guilty because the car in which the drugs were found was his and the drugs were his. (Filing 38, Tr. of Plea Hr'g, at 19:6-7.) He twice stated that he did not know the drug quantity. (Filing 38, Tr. of Plea Hr'g, at 19:18-19 ("I knew there were drugs, but I didn't know exactly how much of what kind"); 20:5-6 ("I know there were drugs, but I didn't know how much.").) He also acknowledged that his counsel had "investigated the case to [his] satisfaction" and he was "satisfied with" counsel's representation. (Id. at 6:8,12.)

The plea agreement provided that if the defendant "demonstrate[d] acceptance of responsibility" as set forth in U.S.S.G. § 3E1.1(a), the government would support a role reduction for acceptance of responsibility.[1] (Filing 35 at ¶2.) Prior to sentencing, the defendant received a copy of the presentence investigation report. (Filing 43.) His counsel filed an objection to that report on the ground that a two level reduction for mitigating role was not recommended.[2] (Filing 40.) I issued tentative findings of fact, notifying the parties that the defendant's objection to role

---

[1]U.S.S.G. § 3E1.1(a) (2004) provides that if the defendant "clearly demonstrates acceptance of responsibility for his offense", the offense level is decreased by two points. A defendant could receive an additional one point decrease pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the government of intent to plead guilty and permitting the government to avoid preparation for trial.

[2]Under U.S.S.G. § 3B1.2, if the defendant was a minor participant in the offense, the offense level is decreased by two levels.

in the offense would be resolved at sentencing and the presentence report was otherwise correct. (Filing 41.)

At the sentencing hearing, the defendant's counsel reiterated his argument that the defendant was entitled to a mitigating role reduction and asserted that he should be sentenced to only 120 months in prison. The only evidence counsel could submit to support a mitigating role was the defendant's testimony at the change of plea hearing. (Filing 55, Sentencing Tr., at 3:7-15.) At the change of plea hearing, the defendant had admitted drug possession, but claimed that he did not know the type or quantity of drugs he was transporting. Counsel explained at the sentencing hearing that the defendant was unwilling to testify about his role in the offense because he was afraid of reprisal, stating as follows:

> Judge, unfortunately, that is all the evidence I have. The unfortunate aspect of this case from the start has been the fact that Mr. Oliveros is so scared about what could happen to him and his family that he is absolutely unwilling to testify in this matter in support of my objection that he should receive a mitigating role, and he's also unwilling to give a safety valve interview. This troubles me to a great extent, but I have to play the hand that I'm dealt.

(Id. at 3:14-21.)

At the sentencing hearing, the defendant's counsel asserted that he had met his burden of proving that Oliveros had a minor role in the offense, since the defendant's statement that he did not know the quantity or type of drugs he was transporting made it more likely than not that he was a mule. (Id. at 4:6-5:20.) I denied Oliveros' objection to the Presentence Report and found that he was not entitled to a mitigating role reduction. Specifically, I found as follows:

> The defendant has the burden of proof to show that he's entitled to a mitigating role adjustment and he has not done that. He may have a

good reason for not doing that, and I don't doubt that. I don't express an opinion one way or another. But his lawyer says he's too scared to testify, then I take his lawyer at his word. His lawyer is one of our better lawyers and a person of utmost integrity. But that's no substitute. That statement that "I'm too scared to testify" is no substitute for proof of mitigating role. So I deny the objection.

(Id. at 6:1-10.)

The defendant's counsel then sought a variance from the sentencing guidelines, asserting in effect that Oliveros should receive a reduction equal to a safety valve reduction[3] because the only reason he would not testify about other participants was because he had been threatened. (Id. at 7:24-9:5.) In response, I stated that I had no means of determining whether the defendant had in fact been threatened as he had represented to his counsel. (Id. at 10:21-24.) This exchange followed:

> THE COURT: Well, . . . I can be a judge, but I've got to judge facts. I can't judge supposition. I can't judge statements made to me by a witness who won't take a witness stand. How do I do that? I'm not trained to do that.
>
> MR. HANSEN: I understand. I wish I had a better answer for you.
>
> THE COURT: I'm not being critical of you, Mr. Hansen.
>
> MR. HANSEN: No, I know.

---

[3]Oversimplified, the "safety valve" gives a non-violent drug offender, who has no or very little criminal history, an opportunity to reduce his advisory Guidelines range by two points, and avoid a statutory minimum sentence, by truthfully telling the government what he knows. U.S.S.G. §§ 2D1.1(b)(7) & 5C1.2.

> THE COURT: You're in a very difficult situation and I wish I could figure out some way to address it other than – Are you satisfied that you've told your client everything you need to tell him about the safety valve and --
>
> MR. HANSEN: At much peril to my office's interpreter yesterday, as he spent two hours on the road from Lincoln to Omaha in a blizzard. We spent plenty of time discussing this matter, and --
>
> THE COURT: I didn't mean that as --
>
> MR. HANSEN: -- with great sadness I am telling you that this is the record I have and I wish it were more.

(Id. at 11:2-21.)

Trial counsel filed an appeal, moved to withdraw, and filed a brief under Anders v. California, 386 U.S. 738 (1967) arguing that I erred at sentencing by denying the request for a mitigating role reduction. The Court of Appeals enforced the appeal waiver in the plea agreement and found the sentence to be consistent with the plea agreement. It independently reviewed the record and found no nonfrivolous issues falling outside the scope of the appeal waiver, dismissed the appeal and granted counsel's motion to withdraw. United States v. Oliveros, No. 05-4385, 2006 WL 3392177 (8th Cir. Nov. 27, 2006).

### II.

The defendant's § 2255 motion asserts ineffective assistance of counsel and other arguments. His primary assertions of ineffective assistance are that counsel did not adequately investigate and did not adequately present arguments that the defendant was entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and a reduction for his minor role in the offense under U.S.S.G. § 3B1.2.

The defendant waived his right to appeal his sentence. (Filing 35, Plea Agm't, at ¶ 7 ("Omar R. De Lao Oliveros further agrees not to appeal any issues with respect to this case.").) The Court of Appeals has found that the defendant's appeal waiver is enforceable. United States v. Oliveros, No. 05-4385, 2006 WL 3392177 (8th Cir. Nov. 27, 2006). Accordingly, I do not consider the defendant's arguments that this court erred by denying sentencing reductions because the defendant exercised his right to appeal or because he "exercised his privilege against self-incrimination by refusing to discuss his role in the offense." (Filing 65 at cm/ecf p. 14 of 23.)

However, I may consider the defendant's postconviction claim of ineffective assistance of counsel. (Filing 38, Plea Hr'g Tr., at 14:19-22 (counsel for government explained appeal waiver in the plea agreement, stating that "[i]t . . . provides that he would not appeal any issues with respect to this case, except with reference to his attorney's representation.").) Before I consider the specific assertions of ineffective assistance, I briefly review the applicable legal standard.

In order to prevail on his claim that his counsel rendered ineffective assistance of counsel, the defendant must show (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). An evidentiary hearing is unnecessary if the movant makes an insufficient preliminary showing on either or both prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

The defendant's primary assertions of ineffective assistance are based on the paucity of evidence at the sentencing hearing. The defendant conveniently ignores the reason why there was little evidence: he refused to testify. His own motion admits that he failed to testify regarding his role. (Filing 65 at cm/ecf page 14 of 23 ("Petitioner exercised his privilege against self-incrimination by refusing to discuss his role in the offense . . . .").) His counsel explained at the sentencing hearing that the defendant refused to testify because he was afraid of reprisal. (Filing 55, Sentencing Tr., at 3: 15-20 ("The unfortunate aspect of this case from the start has been the fact that Mr. Oliveros is so scared about what could happen to him and his family that he is absolutely unwilling to testify in this matter in support of my objection that he should receive a mitigating role, and he's also unwilling to give a safety valve interview.").)

Oliveros' counsel did all that he could have done to obtain a role reduction under § 3B1.2 and a § 3E1.1 reduction for acceptance of responsibility. The record reflects that counsel advised the defendant of the consequences of refusing to give a safety valve interview. (Filing 55, Sentencing Tr., at 11:13-18.) Despite this advice, the defendant refused to give a safety valve interview and refused to testify at the plea hearing regarding his role in the offense. Nonetheless, counsel argued at the sentencing hearing that since Oliveros had stated under oath that he did not know the quantity or type of drug he was transporting, Oliveros had met his burden of proving that he was entitled to a mitigating role reduction. Counsel also sought a variance from the guideline range, arguing that the sentence did not reflect the real conduct because Oliveros had in fact played a minor role but was too afraid to provide evidence to this effect. Finally, counsel filed an Anders brief and presented Oliveros' appeal of his sentence despite the sentencing waiver. Trial counsel was severely hampered by Oliveros' unwillingness to help himself. He presented the only arguments he could regarding the reductions Oliveros sought.

Oliveros makes one more argument regarding ineffective assistance as to sentencing. He asserts that "counsel was ineffective for allowing the district court to use the guidelines as a mandatory way of sentencing." (Filing 65 at cm/ecf p. 14 of 23.) As the record clearly reflects, the guidelines were viewed as advisory and not mandatory. (Filing 55, Sentencing Tr., at 12:24 (sentence was pronounced "recognizing that the guidelines are advisory").) I reject this argument.

Oliveros also asserts that counsel was ineffective because he failed to question the validity of the traffic stop. (Filing 65 at cm/ecf p. 12 of 23.) The record belies this assertion, as counsel filed a motion to suppress (filing 13), submitted a brief in support of the motion (filing 14), explored the circumstances of the stop at the evidentiary hearing on the motion (filing 25), supplemented the record of the evidentiary hearing with additional exhibits (filing 22), and briefed his objection to the magistrate judge's recommendation that I deny the motion to suppress (filing 28). I reject this assertion of ineffective assistance as well.

As I noted at the sentencing hearing, Oliveros' counsel "is one of our better lawyers and a person of utmost integrity." (Filing 55 at 6:7-8.) Oliveros' assertions of ineffective assistance are belied by the record, and he was professionally represented by able counsel.

For the foregoing reasons,

IT IS ORDERED that the defendant's § 2255 motion (filing 65) is denied with prejudice in all respects, and a separate judgment shall be entered accordingly.

February 14, 2007                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge