IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAR R. DE LAO OLIVEROS, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant, a federal prisoner, has filed an Application for Certificate of Appealability (filing 68), which I interpret as also serving as a notice of appeal from this court's judgment denying his 28 U.S.C. § 2255 motion.  Also before me is filing 69, the Memorandum from the Clerk of Court requesting a decision regarding whether Defendant may proceed in forma pauperis ("IFP") on appeal.   Defendant was financially unable to obtain an adequate defense in his criminal case.  I will not exercise my discretion under Fed. R. App. P. 24(a) to deny Defendant the right to appeal the denial of his § 2255 motion in forma pauperis, and Defendant will be permitted to proceed on appeal in forma pauperis.[1]

---

[1] Fed. R. App. P. 24(a)(3) states in pertinent part that:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

Before Defendant can appeal this court's decision denying his § 2255 motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 petition, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). In contrast, when a district court denies a § 2255 petition on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604.

The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this court's memorandum and order denying the § 2255 motion (filing 66), and for the additional reason that Defendant raises some issues in the motion for certificate of appealability that were not raised in his habeas petition,[2] Defendant has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

Accordingly,

---

[2] The issues raised for the first time in the application for certificate of appealability are issues 1-3 on page 4 of the application (filing 68 at 4).

IT IS ORDERED:

1. In response to the clerk's memorandum (filing 69), Defendant may continue to proceed in forma pauperis on appeal;

2. The motion for certificate of appealability (filing 68) is denied; and

3. The Clerk of the United States District Court for the District of Nebraska shall provide a copy of this order to the Eighth Circuit Court of Appeals.

March 14, 2007            BY THE COURT:

*s/Richard G. Kopf*
United States District Judge